UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUDLEY SCOTT BAKER; | § | |
| PARTRICIA K. BAKER, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0916-B |
| | § | |
| COUNTRYWIDE HOME LOANS, INC.; | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM ORDER

Pending before the Court is Defendants Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (doc. 30) (the "Motion"). Having considered the Motion, briefing of the parties, evidence, and applicable law, the Court is of the opinion that the Motion should be and hereby is **GRANTED in part and DENIED in part**.

## I.

## BACKGROUND

This case involves the attempted foreclosure of property owners' homestead property.  On January 13, 2006, Plaintiff Dudley Scott Baker executed a promissory note (the "Note") payable to Southwest Funding Group in connection with the purchase of a home for him and his wife, Plaintiff Patricia K. Baker (together with Mr. Baker, the "Bakers").  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 1 (Aff. of Patricia K. Baker), App. 8-9 (Note).)  That same day, the Bakers executed a deed of trust to secure payment on the Note.  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 1 (Aff. of

Patricia K. Baker), App. 10-4 (Deed of Trust).)   The Note and deed of trust were subsequently assigned to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS").  (Compl. ¶ 7.)  At all times relevant to this action, Defendant Countrywide Home Loans, Inc. ("Countrywide," and together with MERS, "CHL") functioned as the servicer on the loan.  (*Id.*)

Together, the Note and deed of trust set forth the terms of the Bakers' mortgage loan.  (*See* Pl.s' Br. in Opp. to Mot. for Summ. J. App. 8-14 (Note and Deed of Trust).)  The Bakers are to make monthly payments on the Note on the first of every month.  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 8 (Note).)  To secure payment, the deed of trust encumbers the Bakers' homestead.  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 10-4 (Deed of Trust).)    The instruments further provide that the mortgage loan is subject to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the regulations of the Department of Housing and Urban Development ("HUD").  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 8-14(Note and Deed of Trust).)

The parties' relationship quickly soured, and in September 2007, CHL initiated foreclosure proceedings on the Baker's loan.  (Def.s' Br. in Supp. of Mot. for Summ. J. Ex. 3-D, App. 34 (Letter to Mr. Baker).)  The parties accounts of the events leading up to CHL's initiation of the foreclosure proceedings paint starkly different pictures.   On the one hand, CHL insists that the Bakers chronically missed payments, and that they were several months behind on their mortgage payments as early as February 2007.  (*Id.* at App. 11-3, Ex. 2-1, App. 14-8 (AS400 Records).)  CHL further maintains that the Bakers' mortgage payments were frequently returned for insufficient funds or stop payment.  (Def.s' Br. in Supp. of Mot. for Summ. J. Ex. 2, App. 11-2 (Decl. of Cynthia Salazar), Ex. 2-1, App. 14-8 (AS400 Records).)  The Bakers, on the other hand, maintain that they never defaulted on the loan.  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 3-5 (Aff. of Patricia K. Baker).)

Rather, according to them, CHL manufactured the default by wrongfully refusing payments submitted by the Bakers and failing to provide the Bakers with accurate information on the amount of debt owed. (*Id.*)

CHL scheduled the foreclosure sale of the Bakers' home to be held on May 6, 2008. (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 4 (Aff. of Patricia K. Baker).) The Bakers filed this lawsuit on April 29, 2008, in the 86th Judicial District Court of Kaufman County, Texas, seeking, *inter alia*, a temporary restraining order enjoining CHL from proceeding with the foreclosure sale. (*Id.*; Def.s' Notice of Removal 1.) On May 29, 2008, CHL removed the action to this Court. (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 4 (Aff. of Patricia K. Baker).) Although the Bakers ceased making payments on their mortgage upon their initiation of this action, CHL has not proceeded with foreclosure, and the Bakers continue to occupy their home. (Def.s' Br. in Supp. of Mot. for Summ. J. Ex. 2, App. 13 (Decl. of Cynthia Salazar).)

In their first amended complaint, the operative pleading, the Bakers allege causes of action for wrongful foreclosure, breach of contract, violation of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Debt Collection Practices Act ("DCPA"), and unreasonable collection efforts.[1] (Am. Compl. ¶¶ 12-38.) CHL filed their joint motion for summary judgment (doc. 30) on March 27, 2009, seeking judgment as a matter of law on each of the Bakers' causes of action. (Mot. for Summ. J.) The briefing now complete, CHL's motion is ripe for resolution.

---

[1]Curiously, in their Brief in Response to CHL's motion for summary judgment, the Bakers state that CHL's motion fails to reference the Bakers' causes of action for negligent misrepresentation and violations of the Real Estate Settlement Procedures Act. (Pl.s' Br. in Opp. to Def.s' Mot. for Summ. J. 1.) The Court notes that these causes of action are not plead in the Bakers' amended complaint.

## II.

## LEGAL STANDARDS

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden falls upon the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case; rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075; *Latimer*, 919 F.2d at 303.

Once the movant has satisfied its burden, the non-movant must show that summary judgment is inappropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations' ... by 'unsubstantiated assertions,' ... or by only a 'scintilla' of evidence ...." *Little*, 37 F.3d at 1075 (internal citations omitted). To assess whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).

- 4 -

III.

ANALYSIS

CHL seeks summary judgment on the Bakers' wrongful foreclosure, breach of contract, DTPA, DCPA, and unreasonable collection efforts claims. The Court will address each of CHL's arguments in turn.

A.      *Wrongful Foreclosure*

The Bakers claim that CHL wrongfully foreclosed on their home for two reasons. First, they maintain they never defaulted on their mortgage loan. Second, the Bakers urge that even if they had defaulted, CHL failed to comply with the HUD regulations outlining the procedures that must be followed prior to accelerating and foreclosing on a loan subject to the FHA. An action for wrongful foreclosure may be brought by individuals suffering harm due to irregularities in a foreclosure sale. *See Leggette v. Washington Mutual Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct. 19, 2005) (Fitzwater, J.); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. - San Antonio 1998); *Wieler v. United Savings Assoc. of Tex.*, 887 S.W.2d 155, 158 (Tex. App. - Texarkana 1994) ("a person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure"). In seeking summary judgment, CHL argues that the evidence irrefutably shows the Bakers were in default on their loan, and that violation of HUD regulations fails to give rise to a cause of action for wrongful foreclosure. The Court first addresses CHL's latter contention.

- 5 -

The Note and deed of trust expressly provide that the acceleration and foreclosure on the Bakers' loan are subject to limitation through regulations promulgated by the HUD Secretary.[2]  The Bakers aver that applicable HUD regulations required CHL to make reasonable efforts to mediate the alleged default through a face-to-face meeting with the Bakers, *see* 24 C.F.R. § 203.604(b), inform the Bakers of any assistance options, *see* 24 C.F.R. 203.604(e)(2), and conduct a Loss Mitigation Evaluation, *see* 24 C.F.R. §§ 203.605, 203.501, before accelerating the loan and proceeding with foreclosure.  The Bakers further maintain that CHL failed to comply with the foregoing prerequisites.  (*See* Am. Compl. Ex. 1 (Aff. of Patricia K. Baker).)  Although CHL

---

[2]Specifically, the Note provides:

> If Borrower defaults by failing go pay in full any monthly payment then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest ....  In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations.

(Pl.s' Br. in Opp. to Mot. for Summ. J. App. 8 (Note).)

In addition, the deed of trust provides:

> (a) Default.  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument ...
> ....
> (d) Regulations of HUD Secretary.  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(Pl.s' Br. in Opp. to Mot. for Summ. J. App. 12 (Deed of Trust).)  Both instruments define the term "Secretary" as the Secretary of the Department of Housing and Urban Development.  (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 8 (Note), App. 11 (Deed of Trust).)

concedes that they did not follow the foregoing steps, CHL contends the Bakers cannot sustain a wrongful foreclosure cause of action on the basis of the HUD regulations' violation.

It is well established that the regulations at issue "deal only with the relations between the mortgagee [CHL] and the government, and give the mortgagor [the Bakers] no claim to duty owed nor remedy for failure to follow." *Leggette*, 2005 WL 2679699, at *3 (quoting *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)); *Moses v. Banco Mortgage Co.*, 778 F.2d 267, 271-72 (5th Cir. 1985) ("We hold that neither the Federal Housing Act nor the HUD regulation was intended directly to benefit ... owners of low income housing"); *Mitchell v. Chase Home Finance LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. March 4, 2008); *Fantroy v. Countrywide Home Loans, Inc.*, No. 3:06-CV-1889-K, 2007 WL 2254941, at *2 (N.D. Tex. July 24, 2007). Because the aim of the FHA and the HUD regulations is to govern the relationship between mortgagees and the government, courts have recognized that violations of such provisions fail to give rise to a private cause of action. *See Moses*, 778 F.2d at 272 n.2; *Roberts*, 556 F.2d at 360-61; *Fantroy*, 2007 WL 2254941, at *2; *Leggette*, 2005 WL 2679699, at *3. For this reason, plaintiffs cannot sustain a cause of action for wrongful acceleration and foreclosure solely on the basis that the FHA and HUD regulations were not complied with. *Mitchell*, 2008 WL 623395, at *3 ("To the extent that Plaintiffs base their claim of wrongful acceleration on these regulations, it must be dismissed").

Although the Bakers cannot sustain a wrongful foreclosure cause of action on the basis that CHL failed to comply with the HUD regulations, the inquiry does not end here, as the Bakers also allege that the attempted foreclosure was wrongful because they never defaulted on their loan. In support of this claim, the Bakers submit affidavit testimony claiming CHL manufactured the default

by routinely refusing payments and providing inaccurate information, (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 1-5 (Aff. of Patricia K. Baker)), copies of their account statements corroborating the Bakers' version of events, (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 18-9 (Dec. 2008 Loan Statement)), and numerous cashier's checks made payable to Countrywide that are unaccounted for in the payment history of the Bakers' loan, (Pl.s' Br. in Opp. to Mot. for Summ. J. App. 56-8 (Cashiers Checks)).  This evidence proffered by the Bakers is sufficient to raise a fact issue as to whether they defaulted on their loan.  The Court, as it must at the summary judgment stage, views this evidence in the light most favorable to the Bakers as the non-movants, *see Anderson*, 477 U.S. at 248; *Munoz*, 200 F.3d at 302, and assumes the Bakers never in fact defaulted on their obligations under the Note and deed of trust.  Yet, even assuming *arguendo* the Bakers' allegations are true and they never defaulted on the Note, their claim for wrongful foreclosure still falls short.

CHL insists that the Bakers cannot sustain their wrongful foreclosure action because they have not suffered any actionable harm.  (Def.s' Br. in Supp. of Mot. for Summ. J. 8.)  To recover for a wrongful foreclosure, the party seeking relief must prove the party suffered injury.  *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App. - Beaumont 1978). "In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986).  This measure of damages is based upon a tort theory of recovery to compensate the aggrieved for his lost *possession* of the property. *Peterson*, 980 S.W.2d at 823 ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property").  Because recovery is premised upon one's lack of

possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. *Id.* As such, courts in Texas do not recognize an action for attempted wrongful foreclosure. *See Wieler*, 887 S.W.2d at 159 n.2; *Port City State Bank*, 561 S.W.2d at 547.

It is undisputed that even though CHL commenced foreclosure proceedings, the Bakers never lost possession of their homestead. To the contrary, since the inception of this action, the Bakers have continued to enjoy possession of their property without making their monthly payments. As the Bakers never lost possession of their homestead, they seek damages for an attempted wrongful foreclosure - an action not recognized in Texas. *See, e.g., Port City State Bank*, 561 S.W.2d at 547. Because the Bakers fail to proffer any proof to show an entitlement to damages - an essential element of wrongful foreclosure - CHL's motion for summary judgment should be and hereby is **GRANTED** as to the Bakers' claim for wrongful foreclosure. Having dispensed with the Bakers' wrongful foreclosure claim, the Court proceeds to their claim for breach of contract.

B.     *Breach of Contract*

The Bakers next allege that CHL's failure to comply with HUD regulations incorporated by reference into the Note and deed of trust prior to accelerating the Bakers' Note constitutes a breach of the parties' agreement. To prevail on a breach of contract claim, the plaintiff must prove the following elements: (1) the existence of a valid and enforceable contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the defendant's breach caused plaintiff injury. *See, e.g., Hackberry Creek Country Club, Inc. v. Hackberry Creek Homeowners Assoc.*, 205 S.W.3d 46, 55 (Tex. App. - Dallas 2006). In its motion for summary

judgment, CHL challenges the Bakers' breach of contract claim by arguing that it merely duplicates the Bakers' unsuccessful wrongful foreclosure cause of action. The Court disagrees as follows.

First, the contract cause of action and the wrongful foreclosure claim are premised on separate theories of liability. As previously stated, a wrongful foreclosure action compensates aggrieved parties for the lost possession of their property, *Peterson*, 980 S.W.2d at 823, whereas an action for breach of contract claim compensates for one's failure to comply with mutually agreed upon terms. Because the parties explicitly incorporated the HUD regulations into their agreement, the "documents and regulations constitute an integrated contract." *Hernandez v. Home Savings Assoc. of Dallas*, 606 F.2d 596, 601 (5th Cir. 1979) (finding that HUD regulations incorporated into mortgage documents become part of the contract). Thus, failure to comply with the regulations made part of the parties' agreement may give rise to liability on a contract theory because the parties incorporated the terms into their contract. Indeed, courts have recognized that claims for failure to comply with the HUD regulations in question are best classified as a breach of contract. *See, e.g., Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 616 (N.D. Tex. 2005) ("As Buis contends that Wells Fargo failed to adhere to the provisions of the deed of trust, his claim is properly characterized as one for breach of contract"); *Leggette*, 2005 WL 2679699, at *2 ("Because under Texas law a deed of trust is governed by the same rules of interpretation that apply to contract ... her action is properly framed as a breach of contract claim") (internal citations omitted).

CHL submits *Mitchell v. Chase Home Financing LLC* in support of its argument that the Bakers' breach of contract claim "is merely a restatement of" their wrongful foreclosure claim.[3]

---

[3]Notably, CHL's argument that the Bakers' breach of contract count should be dismissed as a mere attempt at duplicating the wrongful foreclosure claim is made without citation to any legal authority. CHL

*Mitchell*, 2008 WL 623395, at *4. In *Mitchell*, the court first disposed of the plaintiffs' wrongful foreclosure claim, finding violations of HUD regulations promulgated pursuant to the National Housing Act cannot supply the grounds for a claim of wrongful foreclosure. *Id.* at *3. The court proceeded to dispose of the plaintiffs' breach of contract claim. *Id.* at *4. In so doing, the court noted that the plaintiffs admitted they defaulted on their mortgage loan before the defendants initiated foreclosure proceedings. *Id.* Because the plaintiffs breached their agreement by defaulting first, they could not bring an action for the defendants' subsequent alleged breach. *See id.*

Here, in contrast, as the Court noted previously, the Bakers have submitted evidence creating a genuine issue of material fact as to whether they defaulted on their loan or whether CHL manufactured the alleged default. Resolution of this dispute would require the Court to weigh the credibility of the evidence submitted by the parties - a determination not properly made at the summary judgment stage. Accordingly, viewing the evidence in the light most favorable to the Bakers and assuming they never defaulted on their mortgage loan, they may sustain a cause of action for a breach of contract. Therefore, CHL's motion for summary judgment as to the Bakers' breach of contract claims should be and hereby is **DENIED**.

C.      *Deceptive Trade Practices Act*

The Bakers' third cause of action is the alleged violation of the DTPA. To prove a violation of the DTPA, a plaintiff must show "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995);

---

has submitted the *Mitchell* decision within its appendix without citation to the decision in its brief.

*Mitchell*, 2008 WL 623395, at *5; *see* TEX. BUS. & COM. CODE ANN. § 17.50(a) (Vernon 2008). In its motion for summary judgment, CHL argues that the Bakers' DTPA claim fails for two reasons. First, CHL insists that the Bakers do not qualify as consumers, and therefore lack standing to bring an action pursuant to the DTPA. CHL further argues that complaints over its failure to comply with terms of the Note and deed of trust are allegations of a breach of contract not actionable under the DTPA.

The Court first addresses whether the Bakers fall within the definition of a "consumer" under the DTPA. "In all cases, a plaintiff must qualify as a 'consumer' in order to have standing to bring an action under the DTPA." *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006); *see also Boys Club of Greater Dallas, Inc.*, 907 S.W.2d at 478 (listing elements of DTPA claim). To qualify as a consumer under the DTPA, one must seek or acquire goods or services by purchase or lease. TEX BUS. & COM. CODE ANN. § 17.45(4). Moreover, the goods or services acquired must form the basis of the plaintiffs' complaint. *See, e.g., Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex. 1987); *Mitchell*, 2008 WL 623395, at *5. It is well recognized, however, that borrowing money does not constitute the acquisition of a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566-67 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980); *Marketic*, 436 F. Supp. 2d at 855 ("merely obtaining a loan or an extension of credit does not qualify one as a 'consumer'"); *Mitchell*, 2008 WL 623395, at *5. Accordingly, the Bakers are not consumers under the DTPA because CHL has merely loaned the Bakers money in the form of a mortgage loan. This conclusion is only bolstered by looking at the nature of the Bakers' allegations discussed below.

The parties agree that their relationship is governed by the Note and deed of trust.  A mortgagee's claims that the mortgagor failed to comply with terms of a note and deed of trust are properly classified as breach of contract claims.  *See Buis*, 401 F. Supp. 2d at 616.  Averments that an adverse party breached a contract are not actionable misrepresentations under the DTPA.  *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 12, 14 (Tex. 1996); *Mitchell*, 2008 WL 623395, at *5 (citing *Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex. 1998) ("a mere breach of contract, without more, is not a DTPA violation")).  The Bakers' allegations sound in contract, and therefore, are insufficient to give rise to a claim under the DTPA.  Accordingly, CHL's motion for summary judgment as the to Bakers' claim under the DTPA is **GRANTED**.

D.      *Debt Collection Practices Act*

The Bakers next allege that CHL engaged in conduct violative of the DCPA.  The Bakers maintain that CHL provided inconsistent and misleading feedback as to the amount owing on the Bakers' loan.  In support of this contention, the Bakers submit collection notices sent from CHL as well as copies of cashiers checks made payable to CHL, which are not reflected in CHL's records.  CHL counters that all communications made during its collection efforts were truthful.

The DCPA prohibits debt collectors from making fraudulent, deceptive, or misleading representations concerning, *inter alia*, "the character, extent, or amount of a consumer debt[.]" TEX. FIN. CODE § 392.304(a)(8); *see Reynolds v. Southwestern Bell Telephone, L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App. - Fort Worth June 29, 2006) ("In order to constitute a misrepresentation, [defendant] must have made a false or misleading assertion").  The Bakers have submitted copies of three checks made payable to Countrywide totaling $3,950, which are not

accounted for in the Bakers' account statements or loan history.  (Pl.s' Br. in Opp. to Def.s' Mot. for Summ. J. App. 56-8 (Cashiers Checks).)  Were these checks received by CHL, CHL's collection notices issued thereafter would contain misleading assertions regarding the amount of debt still owed on the Bakers' Note, as the checks are not accounted for in the Bakers' loan history.  This evidence submitted by the Bakers is, therefore, sufficient to give rise to a genuine issue of material fact. Whether the checks were received by CHL is a credibility determination exclusively within the province of the fact finder, not a task for the Court on summary judgment. Accordingly, CHL's motion for summary judgment as to the Bakers' DCPA claim is hereby **DENIED**.

E.    *Unreasonable Collection Efforts*

    The Bakers finally claim that CHL has committed unreasonable collection efforts prohibited by Texas common law.  "Unreasonable debt collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Mitchell*, 2008 WL 623395, at *6 (citing *Carlson v. Trans Union LLC*, Cause No. 3:02-CV-2654-H, 2003 WL 21750706, at *3 (N.D. Tex. July 22, 2003)).  In its motion for summary judgment, CHL contends that its collection efforts fail to give rise to the level of "egregious" conduct required of an unreasonable collection efforts tortfeasor.

    Although the case law varies on the degree of conduct necessary to give rise to an action for unreasonable collection efforts, *Carlson*, 2003 WL 21750706, at *3, at least one Texas court has held that attempts to collect on a debt after the debt has been paid amounts to unreasonable collection efforts. *Pullins v. Credit Exchange of Dallas, Inc.*, 538 S.W.2d 681 (Tex. Civ. App. - Waco 1976); *see also EMC Mortgage Co. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. - Dallas 2008) ("Unreasonable

collection is an intentional tort. But the elements are not clearly defined and the conduct deemed to constitute unreasonable collection efforts varies from case to case").

As stated previously, the Bakers maintain that they never defaulted on the loan, and have submitted evidence in support of this notion sufficient to raise a genuine issue of material fact. Assuming the Bakers never defaulted on their Note obligations, CHL continued its collection efforts even when the Bakers had paid their debt. According to *Pullins*, such collection efforts are unreasonable. Thus, because there is a genuine issue of material fact as to whether the Bakers defaulted on their loan, the Court **DENIES** CHL's motion for summary judgment on the Bakers' claim for unreasonable collection efforts.

IV.

CONCLUSION

For the foregoing reasons, CHL's motion for summary judgment (doc. 30) is **GRANTED in part and DENIED in part**.

SO ORDERED.

DATED June 24, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 15 -